UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


LeBLOND OLIVER,

               Petitioner

        v.                                   C-1-02-918

ERNIE MOORE,[1]

               Respondent


## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254.  The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 6) recommending that the Petition for Writ of Habeas Corpus be dismissed and upon petitioner's objections thereto (doc. no. 9).

---

[1]In the petition, petitioner properly named as respondent Anthony Brigano, who was then Warden of Lebanon Correctional Institution (LeCI), where petitioner is incarcerated.  However, since the time petitioner initiated this action, Anthony Brigano was replaced by Ernie Moore as LeCI's Warden.  Because Ernie Moore is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent.  ***See*** Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

2

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's return of writ. (Docs. 1, 5).

### Procedural Background

On July 22, 1999, the Hamilton County, Ohio, grand jury issued a ten-count indictment charging petitioner and another individual with various crimes. Specifically, the indictment contained the following charges against petitioner: one count of attempted murder as defined in Ohio Rev. Code §§ 2903.02 and 2923.02(A) (First Count), with attached firearm specifications; two counts of felonious assault as defined in Ohio Rev. Code § 2903.11(A) (Second and Third Counts), with attached firearm specifications; one count of tampering with evidence as defined in Ohio Rev. Code § 2921.12(A) (1) (Fourth Count), with an attached firearm specification; one count of aggravated robbery as defined in Ohio Rev. Code § 2911.01(A)(1) (Fifth Count), with attached firearm specifications; one count of resisting arrest as defined in Ohio Rev. Code § 2921.33(C)(2) (Sixth Count), with attached firearm specifications; one count of assault as defined in Ohio Rev. Code § 2903.13(A) (Seventh Count), with an attached firearm specification; one count of carrying a concealed weapon as defined in Ohio Rev. Code § 2923.12(A) (Eighth Count); one count of having a weapon while under

disability as defined in Ohio Rev. Code § 2923.13(A)(3) (Ninth Count); and one count of trafficking in counterfeit controlled substances in the vicinity of a school or juvenile as defined in Ohio Rev. Code § 2925.37(B) (Tenth Count), with an attached firearm specification. (Doc. 5, Ex. 1).

Prior to trial, petitioner filed pro se motions for separate trial of counts and for severance of defendants. (*Id.,* Exs. 2-3). The motions, which were later renewed by petitioner's counsel (*see id.,* Ex. 4), apparently were not ruled on and the matter proceeded to trial before a jury on all ten counts. (*See id.,* Brief, p. 2). At the conclusion of the State's case, the trial court granted petitioner's motion for a judgment of acquittal on the Second Count charging petitioner with felonious assault and the Sixth Count charging petitioner with resisting arrest. (*Id.,* Ex. 5). In addition, the court granted petitioner's motion for a judgment of acquittal on the firearm specifications attached to the First, Second, Third, Fifth, and Sixth Counts as well as to the "allegation of 'school vicinity or juvenile'" in the Tenth Count. (*Id.*).

At the close of trial, the jury acquitted petitioner on the charges of attempted murder (First Count), tampering with evidence (Fourth Count), and aggravated robbery (Fifth Count). (*Id.,* Exs. 6-7). Petitioner was found guilty, however, on the remaining charges of felonious assault (Third Count) with specification, assault (Seventh Count) with specification, carrying a concealed weapon (Eighth Count), having a weapon while under disability (Ninth Count), and trafficking in counterfeit controlled substances (Tenth Count) with specification. (*Id.*).

4

On April 3, 2000, the court sentenced petitioner to the following consecutive terms of imprisonment totaling thirteen (13) years: eight (8) years for the felonious assault offense followed by three (3) years for the attached firearm specification, and one (1) year for the assault offense followed by one (1) year for the attached firearm specification. (*Id.,* Ex. 9). Petitioner was further sentenced to concurrent terms of imprisonment of one (1) year for each of the remaining offenses of carrying a concealed weapon, having a weapon while under disability, trafficking counterfeit controlled substances, and the firearm specification attached to the trafficking count. (*Id.*).

With the assistance of counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, First Appellate District, asserting the following assignments of error:

> 1. The trial court erred to the prejudice of appellant in failing to rule upon or grant appellant's motion to sever counts of the indictment.

> 2. The trial court erred to the prejudice of appellant by allowing State's witnesses to refer to him as appearing in "jailhouse blues."

> 3. The trial court erred to the prejudice of appellant by failing to answer the jury's question during deliberations concerning the definition of certain offenses appellant was charged with.

> 4. The trial court erred to the prejudice of appellant by not excluding from evidence appellant's tape recorded statement that was not provided to the appellant prior to trial, despite his proper filing of a discovery request.

5

> 5. Appellant's right to due process was prejudiced and he was denied effective assistance of counsel in failing to object to (1) the court's failure to answer the jury's question regarding jury instructions, (2) failing to renew his Rule 29 motion for acquittal at the close of the State's case, (3) failing to renew his motion for severance of counts at the close of the State's case, (4) failing to object to substitution of altered photo array to jury, and (5) allowing appellant to be tried in jailhouse uniform.

(*Id.,* Exs. 10, 12).  On May 30, 2001, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment.  (*Id.,* Ex. 16).

Petitioner did not file an appeal at that time to the Ohio Supreme Court. Instead, the next action petitioner took to challenge his conviction and sentence was to file a pro se motion for delayed reopening of his appeal with the Ohio Court of Appeals, First Appellate District, on September 25, 2001.  (*Id.,* Ex. 17).

In his reopening application, petitioner claimed that his appellate counsel provided ineffective assistance because he did not argue as an assignment of error that petitioner's trial counsel was ineffective in failing to object to the trial court's clearly erroneous decision to impose "maximum and consecutive sentences in violation of [Ohio's sentencing statute,] Chapter 29 of the Ohio Revised Code." (*See id.,* pp. 4–7).  As "cause" for his delay in filing, petitioner contended that he was "wholly without assistance of counsel" during the requisite 90–day time period for filing a timely reopening application and that his counsel on direct appeal failed to inform him "that he was required to file [the application] within the 90–day [period]" and failed to provide him with a copy of the trial transcript so that he

could "perfect th[e] application." (*Id.,* pp. 2–3).  On February 22, 2002, the Ohio Court of Appeals issued an Entry overruling petitioner's motion for delayed reopening of the appeal as untimely filed.  (*Id.,* Ex. 19).

Thereafter, petitioner sought leave to appeal to the Ohio Supreme Court, asserting three propositions of law in his memorandum in support of jurisdiction. (*Id.,* Exs. 20–21).  In the first two propositions of law, petitioner brought up issues he had raised on direct appeal challenging the trial court's failure to grant his motion to sever counts and refusal to answer a question raised by the jury during deliberations.  (*See id.,* Ex. 12; Ex. 21, pp. 2–3).  In the third proposition of law, petitioner alleged that the Ohio Court of Appeals deprived him of "his absolute right to procedural due process" by refusing to reopen his appeal because he had made a "genuine showing" that he was denied effective assistance by his appellate counsel given the "Dead Bang Winner" merits of his underlying sentencing error claim.  (*Id.,* pp. 4–7).  On June 12, 2002, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question."  (*Id.,* Ex. 22).

On December 5, 2002, petitioner filed the instant petition for writ of habeas corpus  pursuant to 28 U.S.C. § 2254, in which he alleges the following grounds for relief:

**Ground One:**  Sentencing obtained in violation of 6th and 14th Amendment right to effective assistance of counsel.

**Ground Two:** [C]onviction obtained in violation of petitioner's 6th and 14th Amendment right to effective assistance of appellate counsel.

**Ground Three**: State court of appeals denied petitioner[] his absolute right to procedural due process of law in overruling [his reopening application despite his showing of cause for his procedural default].

(Doc. 1, pp. 5-6).

In the return of writ, respondent concedes that the instant petition was timely filed and, therefore, is not barred from review on statute of limitations grounds. (Doc. 5, Brief, pp. 8-10). Moreover, it appears that petitioner has exhausted his state court remedies with respect to his grounds for relief. Therefore, the Court will proceed to address petitioner's claims in light of other arguments asserted as defenses by respondent in the return of writ.

## Opinion

### A. Petitioner Is Not Entitled To Relief Based On His Ineffective Assistance Of Counsel Claims Alleged In Grounds One and Two, Which Are Waived Due To Petitioner's Procedural Defaults In The State Courts

In Ground One of the petition, petitioner alleges that his trial counsel provided ineffective assistance because he failed to object to the "maximum and consecutive" sentence that was imposed by the trial court in violation of Ohio's sentencing statute. (Doc. 1, p. 5 & attached memorandum, pp. 6-8). In Ground Two, petitioner contends that his state appellate counsel was ineffective because he failed to assert the ineffective assistance of trial counsel claim alleged in Ground One as an assignment of error on direct appeal. (*Id.,* p. 5 & attached memorandum, pp. 8-9).

8

In the return of writ, respondent contends that petitioner has waived these claims due to his procedural defaults first in failing to present the ineffective assistance of trial counsel claim as an assignment of error on direct appeal and then in failing to file a timely application for reopening of his appeal with respect to his ineffective assistance of appellate counsel claim. (Doc. 5, Brief, pp. 10–18).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of the claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state

courts, his claims for habeas corpus relief are subject to dismissal with prejudice on the ground that they are waived. *See O'Sullivan,* 526 U.S. at 847–848; *Harris v. Reed,* 489 U.S. 255, 260–62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, although petitioner alleged on direct appeal to the Ohio Court of Appeals that he was denied effective assistance of counsel at trial, he did not present the specific claim asserted in Ground One arising from his trial counsel's failure to object to the trial court's sentencing decision. (*See* Doc. 5, Ex. 12, pp. 9–10). Petitioner committed a procedural default by failing to present this claim to the Ohio Court of Appeals on direct appeal. *See Leroy,* 757 F.2d at 97, 99–100. Because he thus did not provide the state courts with an opportunity to correct the alleged constitutional error, he has waived the ineffective assistance of trial counsel claim presented in Ground One unless he can show cause for the default

10

and actual prejudice as a result of the alleged error, or demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 750; *see also Murray*, 477 U.S. at 485; *Isaac*, 456 U.S. at 129; *Sykes*, 433 U.S. at 87.

Petitioner has contended both in his state reopening application and in Ground Two of the petition that his appellate counsel's ineffectiveness constitutes "cause" for his procedural default in failing to raise the ineffective assistance of trial counsel claim on direct appeal. (*See* Doc. 1, p. 5; Doc. 5, Ex. 17). Ineffective assistance of appellate counsel may constitute cause for a procedural default, *Murray*, 477 U.S. at 488, unless that claim also has been procedurally defaulted, *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Richey v. Mitchell*, 395 F.3d 660, 679 (6th Cir. 2005). Here, it appears that petitioner procedurally defaulted his ineffective assistance of appellate counsel claim alleged in Ground Two, which is asserted as "cause" for his procedural default on direct appeal, because he did not timely file his application for reopening with the Ohio Court of Appeals.

It is well-settled that on federal habeas review of a state conviction, the court may be barred from considering an issue if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris*, 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of

11

state procedural rules. *Id.* at 261; *Sykes*, 433 U.S. at 86–87; *see also McBee*, 763 F.2d at 813. An adequate and independent finding of procedural default will preclude habeas corpus review of the federal claim, unless as discussed above, *see supra* p. 6, the petitioner can satisfy the cause and prejudice standard or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262.

A procedural default will not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris*, 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991).

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed adequate or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991); *Richey*, 395 F.3d at 679 (citing *White v. Schotten*, 201 F.3d 743, 751 (6th Cir.), *cert. denied*, 531 U.S. 940 (2000)); *Warner v. United States*, 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied*, 507 U.S. 932 (1993). To be deemed "regularly followed," a procedural rule need not

12

be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams*, 489 U.S. 401, 410 n. 6 (1989); *see also Byrd v. Collins*, 209 F.3d 486, 521 (6th Cir. 2000), *cert. denied*, 531 U.S. 1082 (2001).  In addition, adequacy requires application of the rule "evenhandedly to all similar claims." *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982); *Maes v. Thomas*, 46 F.3d 979, 986 (10th Cir.), *cert. denied*, 514 U.S. 1115 (1995).

Petitioner first presented his ineffective assistance of appellate counsel claim to the state courts in his application filed September 25, 2001 for delayed reopening of his appeal pursuant to Ohio R. App. P. 26(B).  Ohio R. App. P. 26(B) provides in relevant part:  "An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."  Petitioner failed to file his application within the requisite ninety-day period.  The Ohio Court of Appeals, which was the only state court to issue a reasoned opinion in the matter, clearly and expressly relied on petitioner's procedural default in overruling his reopening application as untimely filed.[2]  (*See* Doc. 5, Ex. 19).  In so ruling, the court rejected petitioner's arguments asserted as "good cause" for his delay in filing as follows:

---

[2] The Ohio Supreme Court's later unexplained decision summarily dismissing the appeal "as not involving any substantial constitutional question" must be presumed to rest on the same procedural default.  *Taqwiim v. Johnson*, 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at **3 (6th Cir. Aug. 22, 2000) (unpublished) (citing *Levine v. Torvik*, 986 F.2d 1506, 1517 n.8 (6th Cir.), *cert. denied*, 509 U.S. 907 (1993), and *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995), and *Ylst*, 501 U.S. at 803-04), *cert. denied*, 531 U.S. 1089 (2001).

13

The appellant asserts that the filing delay was justified, because appellate counsel had neglected to provide him with a transcript of the proceedings at trial or to advise him of the ninety-day deadline for seeking relief under App.R. 26(B), and because he had been without legal representation during the filing period. These arguments fail.

Appellate counsel's failure to provide the appellant with a transcript of the proceedings did not constitute good cause for the filing delay, because the claimed deficiency in counsel's performance on appeal did not require a transcript to be identified. See *State v. Bell* (1995), 73 OhioSt.3d 32, 34, 652 N.E.2d 191, 192; accord *State v. Houston* (1995), 73 OhioSt.3d 346, 652 N.E.2d 1018. Moreover, the appellant had no right to counsel to assist him in filing his application to reopen his appeal, see *State v. Dennis* (1999), 86 OhioSt.3d 201, 713 N.E.2d 426, and neither the appellant's ignorance of the law nor his misplaced reliance upon counsel excused him from ensuring that his application was timely-filed. See *State v. Pierce* (1996), 74 OhioSt.3d 453, 659 N.E.2d 1252; *State v. Reddick* (1995), 72 OhioSt.3d 88, 647 N.E.3d 784; *State v. Sizemore* (1998), 126 OhioApp.3d 143, 145-46, 709 N.E.2d 943, 945.

Therefore, the court concludes that appellant has failed to show good cause for the untimely filing of his application.

(*Id.*).

The state law ground relied on by the Ohio appellate court in refusing to grant a reopening of petitioner's appeal, which turned on the "good cause" requirement in Rule 26(B), constitutes an adequate basis for the state courts' decision. In 2001, when petitioner filed his reopening application, it was a well-established, regularly followed practice in Ohio for the courts to foreclose review of ineffective assistance of appellate counsel claims brought in untimely applications for reopening. *Monzo v. Edwards,* 281 F.3d 568, 577-78 (6th Cir. 2002); *see also Knuckles v. Brigano,* 70 Fed.Appx. 830, 841 (6th Cir. July 22, 2003) (not published in Federal Reporter), *cert. denied,* 540 U.S. 1113 (2004); *Lewis v. Randle,* 36 Fed.Appx. 817, 819 (6th Cir. Apr.

14

30, 2002) (not published in Federal Reporter), *cert. denied,* 537 U.S. 1137 (2003); *cf. Carpenter v. Edwards,* 113 Fed. Appx. 672, 677 (6th Cir. Oct. 28, 2004) (not published in Federal Reporter) (holding that Rule 26(B) was not regularly followed in 1994, but by 1998, application of rule had been regularized); *see generally Richey,* 395 F.3d at 679–80 (in April 1994, when petitioner moved to reopen his appeal, the Ohio R. App. P. 26(B)'s "good cause" requirement was not firmly established or regularly followed, and therefore did not constitute an adequate and independent state procedural rule).

In *Monzo,* the Sixth Circuit reasoned:

Our review of Ohio law leads us to conclude that there was sufficient guidance as to what would not constitute good cause at the time the rule was applied in this case. We do not dwell on the decisions issued shortly after the *Murnahan* decision, as the Ohio courts have had several years since then to consider the "good cause" requirement. . . . The Ohio Supreme Court shed light on the appropriate focus for determining good cause under Rule 26(B) in *State v. Reddick,* 72 Ohio St.3d 88, 647 N.E.2d 784, 786 (1995). . . . That is, the Court in *Reddick* stressed that:

> Neither *Murnahan* nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals. Rather, both were intended to allow the belated presentation of colorable claims that defendants/appellants were prevented from presenting timely by particular circumstances. Lack of effort or imagination, and ignorance of the law, are not such circumstances and do not automatically establish good cause for failure to seek timely relief.

647 N.E.2d at 786. Further, "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." *State v. Williams*, 74 Ohio St.3d 454, 659 N.E.2d 1253, 1254 (1996). *See also State v. Franklin*, 72 Ohio St.3d 372, 650 N.E.2d 447, 448 (1995) (ignorance of the law does not justify untimely filing of a motion to reopen)[.] . . . Thus, we find the state courts relied on an adequate and independent state procedural ground to foreclose review of petitioner's *Murnahan* claim.

*Monzo*, 281 F.3d at 578 (some citations omitted).

By September 2001, when petitioner filed his delayed reopening application, it was a firmly established and regularly followed practice in Ohio to find that an appellant's claimed inability to obtain the trial transcript will not justify his untimely filing of a reopening application when, as here, the alleged deficiency in appellate counsel's performance does "not require a transcript to be identified." **See State v. Bell**, 652 N.E.2d 191, 192 (Ohio 1995) (per curiam); **see also State v. Houston**, 652 N.E.2d 1018, 1019 (Ohio 1995) (per curiam);[3] **State v. Gross**, No. 76836, 2005 WL 793141, at *2 (Ohio Ct. App. Apr. 4, 2005) (unpublished) (and numerous state cases cited therein). Moreover, as discussed above in **Monzo**, 281 F.3d at 578, the "good cause" requirement was consistently applied by September 2001 to reject the additional excuse asserted by petitioner that because he was not represented by counsel during the ninety–day period for filing a timely application and his attorney

---

[3]In **Houston**, the defendant subsequently filed a federal habeas corpus petition alleging in part that his state appellate counsel was ineffective. The district court found the claim was waived because of petitioner's procedural default in failing to file a timely reopening application. In affirming the district court's decision, the Sixth Circuit expressly rejected the petitioner's claim that his inability to obtain the trial transcript constituted "cause" for his procedural default in the state courts. **See Houston v. Anderson**, 129 F.3d 1264 (table), No. 96-4386, 1997 WL 693552, at **2 (6th Cir. Oct. 31, 1997), **cert. denied**, 525 U.S. 850 (1998).

16

on direct appeal had not informed him of the time requirement, he was ignorant of the law and thus unable to perfect a timely application on his own.

Accordingly, this Court concludes that petitioner's ineffective assistance of appellate counsel claim is barred from review by this Court under the "adequate and independent state ground" doctrine, either as "cause" for the default of his ineffective assistance of trial counsel claim alleged in Ground One or as an independent claim as set forth in Ground Two of the petition, absent a showing of cause and prejudice or that a fundamental miscarriage of justice will result if the claim is not considered.

Petitioner argues that the Sixth Circuit's decision in *White v. Schotten*, 201 F.3d 743 (6th Cir.), *cert. denied*, 531 U.S. 940 (2000), prohibits this Court from finding that petitioner's claims in Grounds One and Two are waived.  In *White*, the Sixth Circuit held that a federal habeas petitioner could argue as "cause" for his procedural default in failing to file a timely reopening application that he was denied effective assistance by an attorney representing him in the reopening matter because an application to reopen an appeal under Ohio R. App. P. 26(B) is part of a criminal's direct appeal, to which the Sixth Amendment right to counsel attaches. Although *White* may be re-evaluated in a case currently pending before the Sixth Circuit for en banc decision, *see Lopez v. Wilson*, 355 F.3d 931 (6th Cir.), *vacated for rehearing en banc*, 366 F.3d 430 (6th Cir. 2004), to date, the Sixth Circuit has not overruled *White.* However, an unpublished decision by a Sixth Circuit panel in a case

involving a statute of limitations issue– *Lambert v. Warden, Ross Correctional*, 81 Fed.Appx. 1, 8–10 (6th Cir. Sept. 2, 2003) (not published in Federal Reporter), and the Ohio courts' "overwhelmingly unfavorable" response to *White,* have raised doubts about *White*'s "continuing viability." *Eads v. Morgan*, 298 F.Supp.2d 698, 705, 707 (N.D. Ohio 2003); *see also Williams v. Bagley*, 380 F.3d 932, 972 (6th Cir. 2004) (without deciding the question, a Sixth Circuit panel noted that "this court continues to wrestle with the issue of whether the Rule 26(B) procedure implicates the Sixth Amendment right to counsel"), *cert. denied*, __ S.Ct. __, 2005 WL 461247 (U.S. Apr. 25, 2005) (No. 04–8810).  Indeed, the Ohio Supreme Court recently determined in express disagreement with *White* that an application for reopening of the appeal under Ohio R. App. P. 26(B) is a collateral post–conviction remedy rather than part of the direct appeal and, therefore, does not implicate constitutional concerns. *Morgan v. Eads*, 818 N.E.2d 1157 (Ohio 2004).  This decision by the state's highest court raises serious concerns about *White*'s precedential value, particularly in light of the deference federal courts must accord to the state courts as "the final authority on state law" issues. *See Eads*, 298 F.Supp.2d at 707, 709.

In any event, this case is distinguishable from *White* because, based on his own admission, petitioner was not represented by counsel in the reopening matter. Petitioner, therefore, cannot claim as in *White* that any attorney error caused the untimely filing of his reopening application.  No court has extended *White*'s holding to require the appointment of counsel to assist in the initial filing of a reopening

application or to find "good cause" for excusing an untimely filing based solely on the fact that the applicant did not have counsel to submit a timely reopening application. Indeed, the Ohio courts have unanimously held otherwise. *See, e.g., Eads*, 818 N.E.2d at 1160–61; *Gross, supra*, 2005 WL 793141, at *1 (and state cases cited therein); *State v. Collins*, No. 00AP–650, 2002 WL 77117, at *1 (Ohio Ct. App. Jan. 22, 2002) (unpublished) (and state cases cited therein); *State v. Marcum*, No. CA96–03–049, 2002 WL 42894, at *2–3 (Ohio Ct. App. Jan. 14, 2002) (unpublished), *appeal dismissed*, 766 N.E.2d 1003 (Ohio 2002); *State v. Dozier*, Nos. 56120, 56121, 2002 WL 42964, at *1–2 (Ohio Ct. App. Jan. 3, 2002) (unpublished) (rejecting the argument that counsel on direct appeal has an obligation under *White* to inform the defendant of his right to file a Rule 26 motion to raise a claim challenging that same counsel's effectiveness), *appeal dismissed*, 765 N.E.2d 877 (Ohio 2002); *State v. Bragg*, No. 58859, 2001 WL 1671424, at * 1 (Ohio Ct. App. Nov. 26, 2001) (unpublished) (and numerous state cases cited therein), *appeal dismissed*, 763 N.E.2d 1186 (Ohio 2002). This Court similarly refuses to extend *White* to this case, where petitioner was not represented by counsel in the filing of his reopening application and, therefore, cannot claim that his delay in filing was due to anything but his own negligence.

Accordingly, as the Ohio Court of Appeals found in rejecting petitioner's state-law "good cause" arguments, *see supra* pp. 9, 11, this Court concludes that petitioner has not demonstrated "cause" in this federal habeas corpus proceeding for his procedural default of his ineffective assistance of appellate counsel claim in the state courts. Moreover, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his ineffective assistance of counsel claims are not addressed on the merits by this Court.

In sum, petitioner has waived his ineffective assistance of appellate counsel claim, asserted in Ground Two as an independent claim for relief and as "cause" for the procedural default of his ineffective assistance of trial counsel claim alleged in Ground One of the petition. Because petitioner thus has waived both the ineffective assistance of trial counsel claim alleged in Ground One and the ineffective assistance of appellate counsel claim alleged in Ground Two of the petition, he is not entitled to habeas corpus relief on either of those claims.

### B. Petitioner Has Waived The Claim Alleged In Ground Three Because He Failed To Present It To The State Courts

In Ground Three of the petition, petitioner alleges he was denied due process when the Ohio Court of Appeals denied his application for delayed reopening of the appeal despite his showing of "good cause" for his untimely filing of the application. (Doc. 1, p. 6). In the return of writ, respondent contends this claim is waived because petitioner "failed to present [it] to the Ohio Supreme Court on appeal [from] the denial of his application to reopen." (Doc. 5, Brief, p. 19). Respondent's argument has merit.

20

As respondent has argued, petitioner did not raise the specific claim alleged in Ground Three to the Ohio Supreme Court when he sought leave to appeal the Ohio Court of Appeals' denial of his application for delayed reopening.  Instead, in support of his claim raised in his third proposition of law that the Ohio Court of Appeals' ruling deprived him of his "absolute right to procedural due process," he argued only that the application should have been granted because he had made a "genuine showing" that he was denied effective assistance by his appellate counsel based on the underlying merits of his sentencing error claim.   (Doc. 5, Ex. 21, pp. 4–7).

As discussed above, *supra* p. 6, by failing to present his claim to the Ohio Supreme Court for consideration, petitioner committed a procedural default and has waived the claim for purposes of federal habeas corpus review unless he can show cause for the default and prejudice from the alleged constitutional error, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 485; *Isaac*, 456 U.S. at 129; *Sykes*, 433 U.S. at 87.  Petitioner has not provided any justification for his procedural default.  Moreover, he has not demonstrated that a fundamental miscarriage of justice will occur if the claim alleged in Ground Three of the petition is not considered by this Court.

In any event, in addressing Grounds One and Two of the petition, this Court has concluded that the Ohio Court of Appeals' decision to deny petitioner's application for reopening on timeliness grounds constituted an "adequate and independent basis for the state court's decision," which precludes review of the underlying merits of petitioner's ineffective assistance of counsel claims. *See supra* pp. 7–13. In so ruling, this Court specifically upheld as "adequate" the Ohio Court of Appeals' determination that petitioner had failed to demonstrate "good cause" for his delay in filing that would excuse his procedural default. *Id.* For the same reasons, this Court concludes that the Ohio Court of Appeals' "good cause" determination did not deprive petitioner of any right to procedural due process that he might possess in a proceeding on an untimely-filed application under Ohio R. App. P. 26(B) to reopen the appeal.

Accordingly, in sum, petitioner is not entitled to habeas corpus relief based on the claim alleged in Ground Three of the petition, which is waived and, in any event, lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should issue with respect to the constitutional claims alleged in Grounds One and Two of the petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S.

473, 484–85 (2000), "jurists of reason" would find it debatable whether the Court is correct in its procedural ruling and whether these grounds state a viable constitutional claim. However, a certificate of appealability should not issue with respect to the dismissal of the remaining claim alleged in Ground Three on procedural waiver grounds, because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

## CONCLUSION

Upon careful consideration of the petitioner's objections, and upon conducting a *de novo* review of the record, especially in light of petitioner's objections, the Court finds that petitioner's contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the

---

[4]Because this Court finds petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether the remaining ground states a valid constitutional claim. *See Slack*, 529 U.S. at 484.

23

Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge that petitioner's convictions are supported by sufficient evidence.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS** his Report and Recommendation dated April 28, 2005. The Petition for Writ of Habeas Corpus is, therefore, **DENIED WITH PREJUDICE** and this action is hereby **DISMISSED**.

A certificate of appealability shall issue with respect to the constitutional claims alleged in Grounds One and Two of the petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would find it debatable whether the Court is correct in its procedural ruling and whether these grounds state a viable constitutional claim. However, a certificate of appealability shall not issue with respect to the dismissal of the remaining claim alleged in Ground Three on procedural waiver grounds, because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.

24

With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court does certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore **GRANTS** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

     s/Herman J. Weber    
Herman J. Weber, Senior Judge
United States District Court
